## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUISIANA SUGAR REFINING, L.L.C.** | | **CIVIL ACTION NO.** |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **SECTION** |
| | * | |
| **STAR OF ABU DHABI, ALONG WITH HER** | * | **JUDGE** |
| **ENGINES, BOILERS, APPAREL, ETC., IN REM;** | * | |
| **ABU DHABI SHIPPING INTERNATIONAL,** | * | |
| **S.A.; FAIRMONT SHIPPING (H.K.) LTD and** | | |
| **JAPAN SHIP OWNERS' P&I ASSOCIATION** | | |
| | | |
| **Defendant.** | * | **MAGISTRATE** |
| | * | |

**********************************************

### VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES; FOR ARREST OF VESSEL; AND OTHER RELIEF

Plaintiff, Louisiana Sugar Refining, L.L.C., for its Verified Complaint In Rem and In Personam for Damages; for Arrest of Vessel; and Other Relief respectfully represents as follows:

### THE PARTIES

1.     Plaintiff, Louisiana Sugar Refining, L.L.C. ("Plaintiff"), is a Delaware limited liability company organized under the laws of the state of Delaware and doing business in the State of Louisiana.

1

2.      Plaintiff is the owner and operator of a dock located in Gramercy, Louisiana (the "Dock").

3.      Defendant Vessel, the STAR OF ABU DHABI, is a Panamanian-flagged vessel bearing IMO No. 9375927 and Official No. 41170-10-A (the "Vessel").  On information and belief, the Vessel is now, or during the pendency of this action, will be within this district and will be arrested pursuant to process of this court.

4.      Defendant Abu Dhabi Shipping International, S.A. ("Owner") is, on information and belief, a company organized and existing under the laws of Panama, and is the registered owner of the Vessel.

5.      Defendant Fairmont Shipping (H.K.) Ltd (the "Manager") is, on information and belief, a company organized under the laws of Hong Kong, and is the operator and manager of the Vessel.

6.      Defendant Japan Ship Owners' P&I Association ("Insurer") is, on information and belief, a company organized and existing under the laws of Japan, and is the insurer of the Vessel.

<u>**JURISDICTION AND VENUE**</u>

7.      The court has in rem jurisdiction over the Vessel to enforce a maritime lien pursuant to Supplemental Admiralty Rule C and because it is currently within this jurisdiction or is expected to be in this district during the pendency of this action.

8.      The court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.A. § 1333 and Fed. R. Civ. P. 9(h).

9.      Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b).

### FACTS

10.     This tort action is brought against Owner, Manager and Insurer, in personam, and against the Vessel, its engines, tackle, equipment, machinery, gear, furniture, apparel, appurtenances, etc., in rem, to recover damages occurring when the Vessel allided with the Dock, owned, maintained and operated by Plaintiff.

11.     Plaintiff owns and operates a facility involved in the distribution of sugar products to clients worldwide through the use of ocean going vessels. The Dock is a vital part of Plaintiff's operations, as it facilitates the loading and discharge of cargo by larger vessels and ocean-going barges and houses the river-water feed pumps that supply water to Plaintiff's refinery.

12.     Early on the morning of March 25, 2016, the Vessel, which was anchored upstream from the Dock, broke free from its anchor and crashed into the Dock.

13.     At the time of the allision, the prevailing weather conditions were good.

14.     The Captain of the Port was informed of the allision, and on information and belief, has ordered the Vessel to remain at or near its current location.

15.     Following the allision, Plaintiff inspected the Dock and discovered significant damage. As a result, the Dock will necessarily be taken out of service and will be unusable while repairs are being performed.  Initial estimates of the cost of repairs are in excess of $20,000,000.00.

16.     Consequently, because of Defendants' conduct and/or the unseaworthiness of the Vessel, Plaintiffs have and will continue to suffer damage from loss of use and/or loss of profits, as well as other extraordinary operating costs and expenses associated with the repairs and downtime.

17.     The collision and the proximately resulting damages were caused solely by, and due wholly to, the negligence, error and fault of the Defendants, their agents, servants and employees, acting in the course and scope of their agency or employment, and the negligence, error, fault and unseaworthiness of the Vessel, committed while such Vessel was in operation.

## I.    FIRST CAUSE OF ACTION; NEGLIGENCE

18.     The above allegations are incorporated by reference.

19.     The described allision and resulting damages were not caused nor contributed by any action or inaction on the part of Plaintiff. At the time of the incident, the Dock was positioned and stationary.

20.     The allision and resulting damages were due solely to the fault and the negligent acts of the Defendants and the Vessel, which were the proximate cause of the allision and the damages suffered by Plaintiff, including, without limitation:

a.      The Vessel was not manned with a competent captain and crew;

b.      The Vessel, her master, and crew failed to keep a proper lookout;

c.      Those in charge of the Vessel, including but not limited to the officers and crew, were inattentive in their duties;

d.      Defendants failed to follow established safety policies and procedures designed to prevent collisions such as the one that occurred in this case;

e.      Defendants failed to properly maintain and inspect the Vessel, including, without limitation, the anchor and related equipment; and

      f.     The Vessel's captain and/or crew members disabled or failed to use safety equipment aboard the Vessel designed to prevent collisions such as the one that occurred in this case.

## II.     SECOND CAUSE OF ACTION; THE VESSEL WAS UNSEAWORTHY

21.     The above allegations are incorporated by reference.

22.     In addition to those allegations, or in the alternative, the Vessel, owned, operated and controlled by Defendants, was unseaworthy and as a result, she struck and damaged the Dock. The Vessel was unseaworthy in the following respects:

      a.     The Vessel was not manned with a competent captain and crew;

      b.     The Vessel, her master, and crew failed to keep a proper lookout;

      c.     Those in charge of the Vessel, including but not limited to the officers and crew, were inattentive in their duties;

      d.     Defendants failed to follow established safety policies and procedures designed to prevent collisions such as the one that occurred in this case;

      e.     Defendants failed to properly maintain and inspect the Vessel, including, without limitation, the anchor and related equipment; and

      f.     The Vessel's captain and/or crew members disabled or failed to use safety equipment aboard the Vessel designed to prevent collisions such as the one that occurred in this case.

23.     Defendants were aware, or had privity of knowledge of the unseaworthy condition of the Vessel and of such other faults and negligence as specified herein or as will be proved at the trial of this case.

24.     As a result of these acts, omissions and negligence, Plaintiff has and will suffer damages including the costs and expenses to make temporary and permanent repairs to the Dock; loss of use; loss of profits; extraordinary operating costs; costs of surveyors; costs of engineers; cost of insurance; cost of any recertification; prejudgment and postjudgment interest; and attorneys' fees. Plaintiff seeks these damages and all other general and equitable relief this court deems appropriate. Plaintiff reserves the right to amend and supplement this paragraph of its Complaint to allege other and further damage as may become known.

**PRAYER**

**THEREFORE**, Plaintiff demands:

A.     That Plaintiff have judgment enter in its favor and against the Defendants, jointly and severally, in the amount of $20,000,000.00, subject to amendment, together with interest continuing to accrue until the amount owing is paid in full, and together with Plaintiff's costs and disbursements incurred in this action;

B.     That process in rem, the Complaint and Warrant for Arrest, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant the M/T STAR OF ABU DHABI, her tackle, engines, etc., and served on the Master or other ranking officer or caretaker of the Vessel, placing the Vessel under the arrest, custody and control of the Marshal of this district;

C.     That process issue against Defendant, Abu Dhabi Shipping International, S.A., citing them to appear and answer;

D.     That process issue against Defendant, Fairmont Shipping (H.K.) Ltd., citing them to appear and answer;

E.     That process issue against Defendant Japan Ship Owners' P&I Association citing them to appear and answer;

F.     That the Defendant, the M/T STAR OF ABU DHABI, her tackle, engines, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the judgment entered herein, including interest then accrued and all costs and disbursements due Plaintiff in this action; and

G.     That Plaintiff may have such other and further relief as the court deems just and proper.

Respectfully submitted, this 28th day of March, 2016.

Respectfully submitted,

**McGlinchey Stafford PLLC**

_/s/Benjamin O. Schupp_
Benjamin O. Schupp (Bar #21074)  T.A.
bschupp@mcglinchey.com
Adam C. McNeil
amcneil@mcglinchey.com
601 Poydras, 12th floor
New Orleans, La 70130
Phone: 504-586-1200

Matthew F. Popp (Bar #24608)
mpopp@wep-law.com
Waits, Emmett, Popp & Teich, L.L.C.
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Direct:  (504) 526-2988
Counsel for Louisiana Sugar Refining, L.L.C.


**INFORMATION FOR SERVICE:**

**Please arrest the M/T STAR OF
ABU DHABI, its engines, tackle,
equipment and furnishings etc.,
which are presently located currently
sitting next to the Honeywell Specialty
Materials/William Olefins facility just
to the west of Geismar, at the junction
of Louisiana state routes 3115 and 75 (River Road).**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA SUGAR REFINING, L.L.C.        CIVIL ACTION NO.

Plaintiff,           *
                        *

VERSUS                   *  SECTION
                        *

THE M/T STAR OF ABU DHABI, ALONG WITH *  JUDGE
HER ENGINES, BOILERS, APPAREL, ETC., <u>IN</u> *
<u>REM</u>; ABU DHABI SHIPPING             *
INTERNATIONAL, S.A.; Fairmont Shipping
(H.K.) Ltd.; and JAPAN SHIP OWNERS' P&I
ASSOCIATION

Defendant.        *  MAGISTRATE
                        *

**********************************************

## <u>VERIFICATION</u>

STATE OF LOUISIANA

PARISH OF _ORLEANS_

      BEFORE ME, the undersigned authority, a Notary Public, duly commissioned and qualified in and for the parish and state aforesaid, personally came and appeared GARY SELLERS, who, being first duly sworn, did depose and say:

1

That he is the *PLANT MANAGER* for Louisiana Sugar Refining, L.L.C., and that he has read the Verified Complaint *In Rem* and *In Personam* in the above-captioned matter; that the facts and allegations contained therein are true and correct.

_____

GARY SELLERS

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS _28_ DAY OF _March_, 2016.

_____

Notary Public

_BENJAMIN O. SCHUPP (#21074)_

(Name)          (Louisiana Bar No. if applicable)

My commission expires *at death*

2